ANNE P. POMERANTZ, CA Bar 204059; NY Bar 2398428
Anne.Pomerantz@nlrb.gov
ELIZABETH H. DEVLEMING, WA Bar 45965
Elizabeth.DeVleming@nlrb.gov
SARAH K. BURKE, WA Bar 52604
Sarah.Burke@nlrb.gov
NATIONAL LABOR RELATIONS BOARD, Region 19
915 Second Avenue, Room 2948
Seattle, Washington 98174
Telephone:  (206) 220-6300
Facsimile:   (206) 220-6305
Counsel for Petitioner

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **RONALD K. HOOKS,** Regional Director of the Nineteenth Region of the National Labor Relations Board, for and on behalf  of the NATIONAL LABOR RELATIONS BOARD,<br>                              Petitioner, | Case No.: **3:21-cv-00177** |
| v. | PETITION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>ORAL ARGUMENT REQUESTED |
| **NEXSTAR BROADCASTING, INC. D/B/A KOIN-TV,**<br><br>                    Respondent. | |

To the Honorable Judges of the United States District Court for the District of Oregon, Portland Division:

COMES NOW Ronald K. Hooks ("Petitioner"), Regional Director for Region 19 of the National Labor Relations Board (the "Board"), and petitions this Court for and on behalf of the Board, pursuant to § 10(j) of the National Labor Relations Act (the "Act"), as amended [61 Stat. 149; 73 Stat. 554; 29 U.S.C. § 160(j)], for appropriate preliminary injunctive relief pending the final disposition of the pending second consolidated complaint issued by the General Counsel of the Board ("General Counsel") alleging, *inter alia*, that Nexstar Broadcasting, Inc., d/b/a KOIN-TV ("Respondent"), has engaged in acts and conduct in violation of § 8(a) of the Act.  In support thereof, Petitioner respectfully shows as follows:

1.    Petitioner is the Regional Director of the Nineteenth Region of the Board (the "Region"), an agency of the United States Government, and files this petition for and on behalf of the Board.

2.    Jurisdiction of this Court is invoked pursuant to § 10(j) of the Act [29 U.S.C. § 160(j)], which provides, *inter alia*, that the Board shall have power, upon issuance of a complaint charging that any person has engaged in or is engaging in an unfair labor practice, to petition any United States district court, within any district wherein the unfair labor practice in question is alleged to have occurred or wherein such person resides or transacts business, for appropriate temporary relief or restraining order.

3.    At all material times, Respondent, a State of Delaware corporation with an office and place of business in Portland, Oregon, has been engaged in the operation of a television station.

4.    Between about September 3, 2019, and June 25, 2020, the National Association of Broadcast Employees & Technicians, the Broadcasting and Cable Television Workers Sector of the Communications Workers of America, Local 51, AFL-CIO (the "Union"), filed four Charges with the Region against Respondent in Cases 19-CA-248735, 19-CA-255180, 19-CA-259398, and 19-CA-262203.   The Charges were filed on the dates noted on each respective Charge.  Each Charge was served on Respondent by regular mail on the date the Charge was filed or immediately thereafter. The dates of service are noted on each respective affidavit of service.  (Ex. 8, GCX 1(a)-(ff).)

5.      The aforesaid charges were referred to Petitioner as Regional Director of Region 19 of the Board.

6.      Following a field investigation during which all parties had an opportunity to submit evidence, Petitioner determined that there was reasonable cause to believe, as alleged in the aforesaid charges, that Respondent is engaging in unfair labor practices in violation of §§ 8(a)(1) and (5) of the Act, 29 U.S.C. §§ 158(a)(1) and (5).

7.      On about June 30, 2020, the General Counsel, on behalf of the Board, by Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing in Cases 19-CA-248739 and 19-CA-255180 (the "Consolidated Complaint") alleging that Respondent had engaged in unfair labor practices within the meaning of §§ 8(a)(1) and (5) of the Act.  (Ex. 1).

8.      On about July 14, 2020, Respondent filed an Answer denying the material allegations of the Consolidated Complaint.  (Ex. 2).

9.      On about September 18, 2020, the General Counsel, by the Petitioner, issued an Order Further Consolidating Cases, Amended Consolidated Complaint and Notice of Hearing in Cases 19-CA-248735, 19-CA-255180, 19-CA-259398, and 19-CA-262203 (the "Second Consolidated Complaint") alleging that Respondent had engaged in further unfair labor practices within the meaning of §§ 8(a)(1) and (5) of the Act.  (Ex. 3).

10.      On about September 30, 2020, Respondent filed an Answer to the Second Consolidated Complaint denying the majority of the material allegations, while admitting to certain other allegations.  (Ex. 4).

11.      On about November 12, 2020, Respondent entered into a Joint Stipulation of Facts with the General Counsel and the Union wherein it admitted to certain allegations in the Second Consolidated Complaint.  (Ex. 6, JX 1).

12.     On about November 12, 2020, at the start of the administrative hearing on the allegations of the Second Consolidated Complaint before Administrative Law Judge Amita B. Tracy, the General Counsel further amended the Second Consolidated Complaint.  (Ex. 5(a), 15:4-16:10).

13.     On about November 18, 2020, at the conclusion of the administrative hearing before Administrative Law Judge Amita B. Tracy, the General Counsel further amended the Second Consolidated Complaint.  (Ex. 5(e), 854:11-14).

14.     Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, true copies of the aforesaid Charges and service thereof, the First Consolidated Complaint, the Second Consolidated Complaint, Respondent's Answers thereto, the Joint Stipulation of Facts, and the supporting administrative hearing transcript and exhibits are attached and marked as Exhibits 1-10 and are incorporated as though fully set forth.

15.     Upon the basis of the following, Petitioner has a substantial likelihood of success that the allegations of the Second Consolidated Complaint, as amended, are true and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of §§ 8(a)(1) and (5) of the Act.  A cease and desist order as well as other appropriate relief will be ordered by the Board if Petitioner prevails before the Board, but the Board's order for such remedies may be frustrated without the injunctive relief sought herein. In support thereof, Petitioner, upon information and belief, shows as follows.

(a)     At all material times Respondent has been a State of Delaware corporation with an office and place of business in Portland, Washington, and has been engaged in the operation of a television station.

(b)     In conducting its operations described above in paragraph 15(a) during the past 12 months, which period is representative of all times material, Respondent purchased and received goods valued in excess of $50,000 directly from points outside the State of Oregon.

PETITION FOR PRELIMINARY
INJUNCTION                              4

(c)     In conducting its operations described above in paragraph 15(a) during the past 12 months, which period is representative of all times material, Respondent derived gross revenues in excess of $100,000.

(d)     At all material times, Respondent has been an employer engaged in commerce within the meaning of §§ 2(2), (6), and (7) of the Act.

(e)     The Union is, and has been at all material times, a labor organization within the meaning of § 2(5) of the Act.

(f)     At all material times the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of § 2(11) of the Act and agents of Respondent within the meaning of § 2(13) of the Act, acting on Respondent's behalf:

| | | |
|---|---|---|
| Rick Brown | – | Director of Technology |
| Terri Lynn Bush | – | Associate Counsel and VP Human Resources |
| Rich Kurz | – | News Director |
| Patrick Nevin | – | Vice President and General Manager |
| Lisa Newell | – | Business Administrator |
| Casey Wenger | – | Business Administrator |
| Tim Busch | – | President of Nexstar |
| Unnamed Agent | – | In-House Counsel |
| Travis Teich | – | Executive Sports Producer |
| Bill Cortez | – | Chief Video Journalist |

(g)     The following employees of Respondent constitute units appropriate for the purposes of collective bargaining within the meaning of § 9(b) of the Act (the "Units"):

The first, as certified by the National Labor Relations Board, consists of all regular full-time and regular part-time engineers and production employees, but excluding chief engineer, office clericals, professionals, guards and supervisors as defined in the Act, and all other employees of KOIN-TV.

The second, as voluntarily recognized by the parties, consists of all

regular full-time and regular part-time news, creative services employees, and web producers, but excluding news producers, IT employees, on-air talent (aka "performer"), office clericals, professionals, guards and supervisors.

(h)     On or about January 17, 2017, Respondent purchased the business of LIN Television Corporation, a Media General Company, d/b/a KOIN -TV ("Media General KOIN-TV"), and since then has continued to operate the business of Media General KOIN-TV in basically unchanged form and has employed as a majority of its employees individuals who were previously employees of Media General KOIN-TV.

(i)     Based on its operations described above in paragraph 15(h), Respondent has continued as the employing entity and is a successor to Media General KOIN-TV.

(j)     At all material times until January 17, 2017, the Union had been the exclusive collective-bargaining representative of the Units employed by Media General KOIN-TV and, during that time, was recognized as such representative by Media General KOIN-TV.  This recognition was embodied in successive collective bargaining agreements, the most recent of which was in effect from July 29, 2015, to July 28, 2017 (the "Expired CBA").

(k)     At all material times since January 17, 2017, based on § 9(a) of the Act, the Union has been the designated exclusive collective-bargaining representative of the Units employed by Respondent.

(l)     On or about September 30, 2019, November 25-December 1, 2019, January 2, 2020, and February 2, 2020, Respondent unilaterally assigned the Units' work to non-Unit employees.

(m)     On a date better known to Respondent on or about January 7, 2020, Respondent unilaterally changed its vacation policy.

(n)     On or about January 8, 2020, Respondent unilaterally removed the Union bulletin boards at its facility.

(o)     On a date better known to Respondent in about mid-March 2020, Respondent unilaterally implemented an across-the-board 1.5% wage increase for all of its Units' employees.

(p)     The subjects set forth above in paragraphs 15(l) through 15(o) relate to wages, hours, and other terms and conditions of employment of the Units and are mandatory subjects for the purposes of collective bargaining.

(q)     Respondent engaged in the conduct described above in paragraphs 15(l) through 15(o) without prior notice to the Union and/or without affording the Union an opportunity to bargain with Respondent with respect to this conduct and/or the effects of this conduct and/or without first bargaining with the Union to an overall good-faith impasse for a successor collective-bargaining agreement.

(r)     On or about January 8, 2020, Respondent withdrew its recognition of the Union as the exclusive collective-bargaining representative of the Units.

(s)     On or about January 8, 2020, Respondent, by Vice President and General Manager Patrick Nevin ("Nevin"), during the same meetings where Respondent announced it was withdrawing recognition from the Union, Respondent also announced that the Units' employees would soon be getting the above-referenced 1.5% wage increase.

(t)     On January 20, 2020, Respondent, by Director of Technology Rick Brown ("Brown") in Respondent's newsroom, told the Units' employees they should not talk about the Union.

(u)     On about January 23, 2020, Respondent, by Brown in Respondent's newsroom, told the Units' employees they could not hand out Union bulletins because Respondent no longer recognized the Union.

(v)     On June 25, 2020, Respondent, by Brown during a Zoom call with an employee, instructed the Units' employees not to discuss their wages or wage increases.

(w)     On June 25, 2020, Respondent, by Brown during a Zoom call with an employee, made an implied threat to revoke wage increases if the Units' employees discussed their wage increases

with each other.

(x)    By the conduct described above in paragraphs 15(l) through 15(r), Respondent has been failing and refusing to bargain collectively with the Union as the exclusive collective-bargaining representative of its employees in violation of §§ 8(a)(1) and (5) of the Act.

(y)    By the conduct described above in paragraphs 15(s) through 15(w), Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in § 7 of the Act in violation of § 8(a)(1) of the Act.

(z)    The above-described unfair labor practices of Respondent affect commerce within the meaning of §§ 2(6) and (7) of the Act.

16.    The unfair labor practices of Respondent described above have taken place within this judicial district.

17.    It may fairly be anticipated that, unless enjoined, Respondent will continue to repeat and/or continue the acts and conduct set forth in paragraph 15 or similar or like acts in violation of §§ 8(a)(1) and (5) of the Act.

18.    Upon information and belief, unless the aforesaid unfair labor practices are immediately restrained, a serious flouting of the Act will continue with the result that enforcement of important provisions of the Act and of the public policy underlying the same will be thwarted before Respondent can be placed under legal restraint through the regular procedures of a Board Order and a Court of Appeals enforcement decree.  Upon information and belief, unless injunctive relief is immediately obtained, it may be fairly anticipated that employees will permanently and irrevocably lose the benefit of the Board's processes and the exercise of statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board.  Respondent will continue in its unlawful conduct during the proceedings before the Board and during any subsequent proceedings before a Court of Appeals, so that any Board Order or Court of Appeals enforcement decree will be an empty formality when issued, and

PETITION FOR PRELIMINARY
INJUNCTION                          8

Respondent will, by its unlawful acts and conduct, have succeeded in frustrating the purposes of the Act.

19.    Respondent's unfair labor practices, as described above in paragraph 15, have and are continuing to irreparably harm employees of Respondent in the exercise of the rights guaranteed them by § 7 of the Act, and have and are continuing to irreparably chill employees' support for the Union.  More particularly, Respondent's unfair labor practices have caused the following harm:

(a)    Respondent's unlawful withdrawal of recognition, impermissibly relying on insufficient and unauthenticated hearsay evidence, is likely to irreparably erode the Unit employees' support for their chosen representative over time, because the Union is unable to protect the Unit employees or affect their working conditions while the case is pending before the Board.

(b)    By threatening employees who engaged in protected, concerted activity and/or union activity, Respondent sent a clear message that lawful protected, concerted activity combined with union activity and/or seeking outside assistance would not be tolerated.

(c)    By continuously assigning the Units' work to non-bargaining unit employees, Respondent has created an air of futility regarding the Union's ability to effectively represent or protect the Unit employees.

(d)    Respondent's unlawful change to its past practice regarding vacation schedules and its promise and implementation of a wage increase has allowed Respondent to enjoy the fruits of its unlawful conduct and gain an undue bargaining advantage, striking at the heart of the Union's ability to represent employees and resulting in a likely loss of employee support for the Union.

20.    Unless injunctive relief is immediately obtained, it can fairly be anticipated that employees will permanently and irreversibly lose the benefits of the Board's processes and the exercise of statutory rights for the entire period required for Board adjudication, a harm which cannot be remedied in due course by the Board.  Without an interim reinstatement order and a cease and desist order prohibiting Respondent from further unlawful conduct, employee support for the Union will be forever lost and Respondent will

effectively accomplish its unlawful goal of permanently ridding its workplace of union supporters. The totality of Respondent's conduct, in withdrawing recognition and making unilateral changes in violation of § 8(a)(5), is likely to continue to irreparably harm employee statutory rights and the Union's status unless interim injunctive relief is granted.

21.    There is no adequate remedy at law for the irreparable harm being caused by Respondent's unfair labor practices, as described above in paragraph 15.

22.    Granting the temporary injunctive relief requested by Petitioner will cause no undue hardship to Respondent.

23.    In balancing the equities in this matter, the harm to the employees involved herein, to the public interest, and to the purposes and policies of the Act, if the injunctive relief requested is not granted, clearly outweighs any harm that the grant of such injunctive relief will cause to Respondent.

24.    Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper, and appropriate for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable, and immediate injury to such policies, to the public interest, and to the employees involved herein, and it is in accordance with the purposes of § 10(j) of the Act, that, pending final disposition of the matters presently pending before the Board, Respondent be enjoined and restrained as herein prayed.

        **WHEREFORE**, Petitioner prays:

1.    That the Court issue an order directing Respondent to appear before this Court at a time and place to be fixed by the Court, and show cause, if any there be, why an interim injunctive order should not issue pending the final disposition of the matters involved pending before the Board, enjoining Respondent, its officers, representatives, agents, servants, employees, attorneys, and all persons acting in concert or participation with them, pending the final disposition of matters presently pending before the Board, from:

PETITION FOR PRELIMINARY
INJUNCTION                              10

(a)     Failing and refusing to recognize and to bargain collectively and in good faith with the Union as the exclusive collective bargaining representative of the Units;

(b)     Withdrawing recognition from the Union in the absence of a demonstrated showing that the Union lost its majority status;

(c)     Unilaterally changing the Units' terms and conditions of employment, including by granting any wage increase and removing the Union bulletin board, without providing prior notice to the Union and a meaningful opportunity to bargain;

(d)     Assigning the bargaining Units' work to non-bargaining unit members;

(e)     Promising and granting benefits, including a wage increase, to discourage § 7 activity, prohibiting employees from discussing the Union and their wages, prohibiting distribution of Union literature, or threating to revoke a wage increase for engaging in § 7 protected activities; and

(f)     In any like or related manner refusing to bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Units and/or interfering with, restraining, or coercing employees in the exercise of the rights guaranteed in § 7 of the National Labor Relations Act.

2.     That the Court require Respondent to take the following affirmative action necessary to effectuate the policies of the Act:

(a)     Immediately recognize and, upon request, bargain collectively and in good faith with the Union as the exclusive collective-bargaining representative of the Units;

(b)     Rescind, upon request from the Union, any or all changes to the Units' terms and conditions of employment that were made without first bargaining with the Union;

(c)     Within ten (10) days of the district court's order: (i) hold one or more mandatory employee meetings, on working time and at times when the Employer customarily holds employee meetings, and scheduled to ensure the widest possible employee attendance, at which the Order will be read to the bargaining unit employees by a responsible Employer official in the presence of a Board agent or, at the

Employer's option, by a Board agent in the presence of a responsible Employer official; (ii) announce the meeting(s) for the order reading in the same manner it would customarily announce a meeting of employees; and (iii) require that all unit employees attend the meeting(s);

        (d)     Post copies of the District Court's Order at Respondent's Portland facilities where notices to employees are customarily posted, including on the reinstated Union bulletin board, and maintain such postings free from all obstructions and defacements during the pendency of the Board's administrative proceedings; and

        (e)     Within twenty (20) days of issuance of the District Court's Order, file with the Court, with a copy to the Regional Director of Region 19, a sworn affidavit from a responsible Respondent official setting forth with specificity the manner in which the Respondent has complied with the terms of this decree, including how and when it posted the documents required by this Order.

        3.     That upon the return of the Order to Show Cause, the Court issue an Order enjoining and restraining Respondent in the manner set forth above.

        4.     That the Court grant such other and further relief as may be just and proper.

/s/ Anne Pomerantz
/s/ Elizabeth DeVleming
/s/ Sarah Burke
Anne P. Pomerantz, CA Bar 204059; NY Bar 2398428
Elizabeth H. DeVleming, WA Bar 45965
Sarah K. Burke, WA Bar 52604
National Labor Relations Board
915 2nd Ave, Suite 2948
Seattle, WA 98174
Telephone (206) 220-6301
Fax: (206) 220-6305
Email: Anne.Pomerantz@nlrb.gov
Elizabeth.DeVleming@nlrb.gov
Sarah.Burke@nlrb.gov
Counsel for Petitioner